**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0433n.06

**No. 12-5849**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Apr 30, 2013*
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| In re: LORING E. JUSTICE, | ) | |
| | ) | |
| Petitioner. | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| | ) | TENNESSEE |
| | ) | |
| | ) | |
| | ) | |

Before: MARTIN, SUHRHEINRICH, COLE, Circuit Judges.

PER CURIAM. Loring E. Justice appeals the order of the United States District Court for the Eastern District of Tennessee disciplining him for unethical conduct—specifically, for filing a fee petition in which Justice claimed fees for work that he himself had not entirely done. After an investigation, a pre-hearing conference, and a four-day evidentiary hearing, during which Justice testified for most of the time, the Eastern District of Tennessee issued an opinion and order suspending Justice from practice before that court, ordering him to forfeit part of any fee he might recover in the underlying case, and requiring him to pay the court's costs for the proceeding. *In re Justice*, No. 1:11-mc-3, 2012 WL 2374677 at *1 (E.D. Tenn. June 22, 2012). The district court found, by clear-and-convincing evidence, that Justice engaged in unethical conduct. Because, on this record, we find that the district court did not abuse its discretion in either affording Justice the

process due to him or in finding by clear-and-convincing evidence that Justice committed misconduct, we **AFFIRM.**

Justice contracted with Mr. K. (so-called in the district court to protect his identity), his former law-school classmate (though not a licensed attorney), to serve as a paralegal in a personal injury case Justice was litigating in the District Court for the Eastern District of Tennessee on behalf of an injured worker. Mr. K., working as an independent contractor, submitted to Justice bi-weekly invoices containing narrative descriptions of the work Mr. K. had performed on the case.

During the personal injury case, Justice moved for sanctions for the defendant's discovery abuse. The judge granted the motion in part, holding that the plaintiff, Justice's client, would be awarded the attorneys' fees and costs associated with the discovery of a witness. Justice ultimately, after several extensions of time, submitted his fee petition, in which he claimed, under penalty of perjury, that he had performed work entitling him to fees of $300 per hour; entitling his associates to $250 per hour; and entitling his paralegals to $90 per hour. In total, Justice sought $106,302.00 in fees, of which $97,650.00 represented hours Justice claimed he personally worked.

After Justice submitted the fee petition, Mr. K. told an attorney (representing Mr. K. in an unrelated matter) that Justice had claimed, in his fee petition, to have performed work that Mr. K. actually had performed. The attorney reviewed the fee petition and Mr. K.'s invoices and brought the matter to the district court's attention. The district court then reviewed the allegations and determined both that the matter would require further investigation and that he would be unable to do so; therefore, pursuant to local rule, the district court appointed a local attorney, C. Celeste

Creswell, to conduct an investigation into whether Justice represented in the fee petition that he had done work which Mr. K. had in fact performed.

Pursuant to local rule, the district court issued a show cause order directing Justice to reply, within twenty days, answering why disciplinary action should not be taken against him. The show cause order stated that Justice, in submitting the fee petition to the court, was representing that the petition was accurate and reflected work he had personally performed, except for that work attributed to his associates. The show cause order alleged that Justice wrongly attributed to him the work that Mr. K. actually performed, such that Justice "essentially transposed Mr. K[.]'s time entries onto his fee petition, thereby intentionally and falsely claiming the work as his own." Thus, the court added, Justice "inflated the amount of the claim and stood to personally benefit financially." By doing so, through this "knowing submission of a false and inflated fee petition," the court concluded that Justice had "called into question his fitness to be a member of the bar of this court and has hindered the due administration of justice."

In response to the show cause order, Justice denied the allegations it contained, maintaining that he had personally worked all the time represented in the fee petition. Justice denied that he had intentionally or deliberately attributed Mr. K.'s work to him, and he denied that he had substantially copied the time entries and descriptions of work contained in Mr. K.'s invoices rather than relying on his own time records. Justice further denied that he had demonstrated incompetence and lack of the necessary skill to practice before the district court, and he denied that, in submitting the fee petition, he had committed a criminal act reflecting adversely on his honesty, trustworthiness, or fitness as a lawyer. Justice denied that his conduct in connection with the submission of a fee

petition in the personal injury case had violated any ethics rule. Justice also requested a hearing on the allegations.

After the district court held a pre-hearing conference, he held the requested hearing over four days. Justice was represented by counsel, and Creswell acted as the Court's agent in examining witnesses. During the hearing, the district court heard testimony from Justice and Mr. K., and also received affidavits from witnesses on Justice's behalf.

The district court based the disciplinary order on having found, by clear and convincing evidence, that Justice knowingly submitted a false and inflated fee petition, thereby both violating the Tennessee Rules of Professional Conduct and engaging in unethical conduct tending to bring the district court or bar into disrepute. The district court also found, by clear and convincing evidence, that Justice failed to demonstrate the degree of competence required of attorneys admitted to the bar of the Eastern District of Tennessee for three reasons: first, because he failed to maintain a contemporaneous time record when it became apparent that there might be a discovery sanction; second, because he claimed in the fee petition time for which he did not have the support of a contemporaneous time record; and third, because he did not disclose to the court that he did not have a contemporaneous time record to support the claims in the fee petition. The district court explained his factual findings and reasoning behind the order in a written opinion. The order suspended Justice from practice before the Eastern District of Tennessee for six months, although it allowed him to litigate his pending fee petition before the court, should the judge hearing the matter allow him to do so. The order also compelled Justice to forfeit to the United States twenty-five percent of any award he might receive from the pending fee petition, up to a maximum of $25,000. Further, the

order required Justice to pay the United States all costs that the court incurred in investigating the matter and holding the hearing.  The order required Justice to pay directly to the local attorney any work she incurred after June 1, 2012, as well as any work she would perform in an appeal if he were not to prevail.  The order also made Justice's reinstatement to the bar of the Eastern District of Tennessee contingent upon his paying for all costs incurred by the court in this matter, including the twenty-five percent fine.  Justice moved for a new trial (although the Federal Rules of Civil Procedure do not apply to this kind of proceeding) and, on the next day, timely appealed, seeking our review of the order, which the district court stayed.

Our review of the record in the present case compels us to conclude that the district court did not abuse its discretion either in applying the law or in assessing the evidence.  The district court followed the disciplinary procedure outlined by local rule, which it had applied in previous cases. *See In re Moncier*, 550 F.Supp.2d 768, 773 (E.D. Tenn. 2008), *aff'd*, 329 F. App'x 636, 637 (6th Cir. 2009).  Therefore, we **AFFIRM**.